UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

CENTER FOR INDIVIDUAL RIGHTS,
    1233 20th Street, NW
    Suite 300
    Washington, D.C. 20036,

        Plaintiffs,

        v.

UNITED STATES DEPARTMENT OF
    JUSTICE,
    950 Pennsylvania Ave., NW
    Washington, D.C. 20530-0001

        Defendant.

CASE NUMBER 1:03CV01706
JUDGE: Rosemary M. Collyer
DECK TYPE: FOIA/Privacy Act
DATE STAMP: 08/11/2003

**FILED**
AUG 1 1 2003
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**COMPLAINT**

**Nature of Complaint**

1. This is an action under the Freedom of Information Act (FOIA) seeking the disclosure of agency records.

**Jurisdiction and Venue**

2. This court has subject matter jurisdiction of this complaint pursuant to 28 U.S.C. § 1331, 5 U.S.C. § 552(a)(4)(B), and 5 U.S.C. § 702.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 5 U.S.C. § 552(a)(4)(B).

## Parties

4. Plaintiff Center for Individual Rights is a 501(c)(3) corporation located entirely within the District of Columbia.

5. Defendant Department of Justice is headquartered in Washington, D.C. and is an executive department of the Federal Government of the United States of America.

## Background

6. On May 21, 2003, plaintiff sent a Freedom of Information Act request to the Department of Justice seeking "all communications between the Department of Justice and any representatives of the defendants in United States v. New York City Board of Education, et al., Civil Action No. 96-0374 (E.D.N.Y.) between February 1, 1999 and April 5, 2002, including but not limited to" a list of such communications set forth as a table in that request. See Exhibit A (Letter from Hans Bader, Center for Individual Rights, to Nelson Hermilla, Chief, FOIA/PA Branch, Civil Rights Division of the Department of Justice).

7. Plaintiff did not seek any internal communications within the Justice Department or communications between federal agencies. The communications sought were with representatives of outside, non-federal entities that had been sued by the Justice Department for seven years in a highly-publicized lawsuit.

8.    On June 11, 2003, the Department of Justice responded by denying all of the records sought on the ground that "[t]he listed records are 'memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency'" and thus fell within the exemption to FOIA set forth in 5 U.S.C. § 552(b)(5). See Exhibit B (Letter from Hermilla to Bader at pg. 1).

9.    On June 25, 2003, plaintiff appealed the Department's decision to deny the records to the Department of Justice's Office of Information and Privacy. The appeal noted that the FOIA exemption cited by the Department applies only to "*inter-agency or intra-agency* memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5) (emphasis added). Accordingly, none of the communications that plaintiff had sought (*e.g.*, correspondence with the New York City Board of Education) were between covered "agencies" as defined by FOIA, which only applies to the federal agencies, not state and local governments, such as the New York City Board of Education. See Exhibit C (Letter from Bader to Co-Directors of the Office of Information and Privacy)[1], 5 U.S.C. §§ 551(1), 552(f).

---

[1]    Attached to this June 25 letter were two exhibits: exhibit 1 was the June 11 Hermilla letter attached to this Complaint as Exhibit B, and exhibit 2 was the May 21 FOIA request itself, which is attached to this Complaint as Exhibit A. To avoid redundancy, these documents are not contained in Exhibit C to this Complaint.

10. On July 8, 2003, the Department of Justice responded to the appeal by stating that while it had received the appeal on July 1, 2003, there would be a delay in responding to it because its "Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours." *See* Exhibit D (Letter dated July 8, 2003 to Hans Bader from Priscilla Jones, Administrative Specialist, U.S. Department of Justice, Office of Information and Privacy). The agency did not indicate when it would be able to rule on the appeal, but promised to "notify [the plaintiff] of the decision on your appeal as soon as we can." *Id.*

11. The Department of Justice has yet to notify the plaintiff of any decision on its appeal.

**CLAIM FOR RELIEF**

**VIOLATION OF FREEDOM OF INFORMATION ACT**

12. Plaintiff realleges and incorporates by reference paragraphs 6 through 11.

13. Plaintiff is entitled to obtain copies of the requested records. The records sought by plaintiff are easily identifiable, readily obtainable agency records in the Department of Justice's possession that do not fall within any exemption to the Freedom of Information Act. Yet they have never been produced to the Plaintiff.

4

14. The Justice Department has failed to comply with FOIA's time limits. More than 20 business days have passed since the date the agency admits to receiving the appeal on July 1, 2003, but there still has been no decision on it. Consequently, the time for the agency to rule on the appeal has elapsed, since an agency must "make a determination with respect to an appeal within twenty days (excluding Saturdays, Sundays, and legal public holidays) after the receipt of such appeal." 5 U.S.C. § 552(a)(6)(A)(ii).

15. The plaintiff's claim is ripe for judicial resolution. The Justice Department's failure to issue a timely decision on plaintiff's appeal has resulted in the exhaustion of any administrative remedies plaintiff might have been required to pursue under FOIA as a precondition to bringing a FOIA lawsuit, since a requestor of records "shall be deemed to have exhausted his administrative remedies . . . if the agency fails to comply with the applicable time limit provisions . . ." 5 U.S.C. § 552(a)(6)(C)(i).

### Request for Relief

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment for the plaintiff and award the following relief:

(a) An order enjoining the defendant from withholding the records sought in Exhibit A and ordering the production of those records to the plaintiff, including "all communications between the Department of Justice and any representatives of the defendants in United States v. New York City Board of Education, et al., Civil Action No. 96-0374 (E.D.N.Y.) between February 1, 1999 and April 5, 2002" and the specific documents listed in the table contained in Exhibit A;

(b) An award to plaintiff of attorneys' fees and costs of suit;

(c) An award of such other relief as the Court may deem just and proper.

Respectfully Submitted

Michael E. Rosman
(D.C. Bar No. 473529)
Hans F. Bader
(D.C. Bar No. 466545)

Center for Individual Rights
1233 20th St., NW, Suite 300
Washington, D.C. 20036
(202) 833-8400

Attorneys for Plaintiff